# EXHIBIT A

**SUM-100**

# AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

TESLA INC., a Delaware Corporation; and DOES through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CHAVIANTE BLEDSOE, RAINEY BLEDSOE, RAVEN BLEDSOE, and REJA BLEDSOE, individually and as heirs of RASHEED BLEDSOE, deceased,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/02/2025 9:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gonzalez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | POMONA COURTHOUSE SOUTH | CASE NUMBER: |
|---|---|---|
| *(El nombre y dirección de la corte es):* | 400 CIVIC CENTER PLAZA POMONA, CA 91766 | *(Número del Caso):* 25PSCV04131 |

~~Pomona Courthouse South, 400 Civic Center Plaza, Pomona, CA., 91766~~

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mansfield Collins, 100 N. Barranca St., 7th Fl, West Covina, CA., 91791, 213-384-0982

| DATE: 12/02/2025 | Clerk, by | | , Deputy |
|---|---|---|---|
| *(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* | J. Gonzalez | *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*www.accesslaw.com*

Mansfield Collins, Esq. (State Bar No. 104049)
**LAW OFFICES OF MANSFIELD COLLINS & ASSOCIATES**
100 N. Barranca St., 7th Fl.
West Covina, CA., 91791
Telephone: (213) 384-0982
Fax: (866) 333-2045
Email: mansfield.collins@mansfieldcollinslaw.com,
mansfieldcollins@gmail.com

**HADERLEIN AND KOUYOUMDJIAN LLP**
Jonathan Haderlein (State Bar No. 336644)
jhaderlein@handklaw.com
Krikor Kouyoumdjian (State Bar No. 336148)
kkouyoumdjian@handklaw.com
700 Flower St., Suite 000
Los Angeles, California 90017
Telephone:    (818) 304-3435

*Attorneys for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| CHAVIANTE BLEDSOE, RAINEY BLEDSOE, RAVEN BLEDSOE, and REJA BLEDSOE, individually and as heirs of RASHEED BLEDSOE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA INC., a Delaware Corporation; and DOES through 100, inclusive,<br><br>Defendants. | Case No.: 25PSCV04131<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**<br>**2. STRICT PRODUCTS LIABILITY (FAILURE TO WARN)**<br>**3. NEGLIGENT PRODUCTS LIABILITY**<br>**4. BREACH OF EXPRESS WARRANTY**<br>**5. BREACH OF IMPLIED WARRANTY**<br>**6. WRONGFUL DEATH (Cal. Code Civ. Proc. § 377.60)**<br>**7. SURVIVAL ACTION (Cal. Code Civ. Proc. § 377.30)**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs CHAVIANTE BLEDSOE, RAINEY BLEDSOE, RAVEN BLEDSOE, and REJA BLEDSOE, individually and as heirs (collectively, "Plaintiffs") of RASHEED BLEDSOE, deceased, complain and allege as follows:

## I.    PARTIES

1.    Plaintiff CHAVIANTE BLEDSOE is an individual and resident of Los Angeles County, California. She is the natural daughter of Rasheed Bledsoe and brings this action in her individual capacity and as an heir.

2.    Plaintiff RAINEY BLEDSOE is an individual and resident of Los Angeles County, California. She is the natural daughter of Rasheed Bledsoe and brings this action in her individual capacity and as an heir.

3.    Plaintiff RAVEN BLEDSOE is an individual and resident of Los Angeles County, California. She is the natural daughter of Rasheed Bledsoe and brings this action in her individual capacity and as an heir.

4.    Plaintiff REJA BLEDSOE is an individual and resident of Los Angeles County, California. She is the natural daughter of Rasheed Bledsoe and brings this action in her individual capacity and as an heir.

5.    Defendant TESLA, INC. is a Delaware corporation with its principal place of business in Austin, Texas. Defendant TESLA designs, manufactures, markets, distributes, and sells motor vehicles, including the subject 2023 Tesla Model Y, throughout the State of California and the County of Los Angeles.

6.    The true names and capacities of Defendants DOES through 00, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

## II.    VENUE

7.    This Court has jurisdiction over this matter pursuant to the California Constitution, Article VI. The amount in controversy exceeds the jurisdictional minimum of this Court.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

8. Venue is proper in the Superior Court for the County of Los Angeles pursuant to California Code of Civil Procedure § 395 because Plaintiffs reside in this County.

### III. FACTUAL ALLEGATIONS

9. This action arises from the horrific and preventable death of RASHEED BLEDSOE, who was burned alive in a single-vehicle crash involving a 2023 Tesla Model Y on April 28, 2025, in Claremont, California.

10. The vehicle, manufactured by Defendant TESLA, INC. ("TESLA"), collided with a tree and exploded into flames due to catastrophic failures of multiple safety systems, each sufficient to cause the injuries described herein, including the Autopilot driver-assistance system and battery containment systems, trapping decedent inside where he suffered unimaginable pain before his death.

11. This case represents another preventable tragedy in Tesla's pattern of overstating its Autopilot capabilities while failing to implement basic safety safeguards, similar to the 2019 Florida crash that killed Naibel Benavides Leon. *Benavides v. Tesla*, 21-cv-21940 (S.D. FLA).

12. On April 28, 2025, at approximately 2:10 a.m., Rasheed Bledsoe was a lawful passenger in a 2023 Tesla Model Y traveling eastbound on East Sixth Street in Claremont, California.

13. The vehicle, operating with Tesla's Autopilot driver-assistance system engaged, suddenly left the roadway and collided with a tree. Upon impact, the lithium-ion battery pack ignited and the vehicle burst into flames.

14. There were multiple independent failures and defects in the design of the vehicle that were each sufficient to cause the death of Mr. Bledsoe. If any of these defects had been rectified by Defendant, then Mr. Bledsoe would not have perished, and Tesla knew or should have known of the existence of these defects.

15. Firstly, the Autopilot system failed to detect the upcoming tree and failed to brake or take evasive action, despite having clear detection capability. If the autopilot system had been properly designed, then the accident would not have occurred in the first place.

2

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

16.     Second, the door locks and emergency escape systems failed and were inoperable. Mr. Bledsoe was trapped inside and died from thermal injuries and smoke inhalation after enduring conscious pain and suffering. If the door locks had been properly designed, with non electric or mechanical overrides or other emergency exit capabilities, then Mr. Bledsoe would have been able to escape, and would have survived.

17.     Third, Tesla's lithium-ion battery systems are known to combust during crashes and are extremely difficult to extinguish, creating firestorms that trap occupants. Specifically, the battery components do not have sufficient fire enclosure systems to prevent the extreme heat of battery flames, which made the fire that resulted from the crash significantly more severe and difficult to put out. This defect was so severe, that when the fire chief arrived on the scene, he made a public statement to the press about the risk inherent in this design defect and the massively increased cost and risk to firefighters and emergency responders, not to mention passengers.

18.     Tesla has received numerous prior complaints about Autopilot failures to detect stationary objects, battery fires, door lock malfunctions, and power steering loss but has failed to adequately address any of these life-threatening issues, if even one of these issues had been rectified, Mr. Bledsoe would still be alive.

19.     The subject vehicle contained defective door lock mechanisms that prevented escape after the collision, in violation of Federal Motor Vehicle Safety Standards. After receiving a series of similar consumer complaints, The National Highway Traffic Safety Administration launched an investigation on September 15, 2025, as to whether the Model Y's "Electronic door handles become inoperative due to low battery voltage in the vehicle (12VDC low voltage battery)," noting concerns that "Entrapment in a vehicle is particularly concerning in emergency situations." NHTSA Office of Defects Investigation, Investigation #PE25010.

20.     Tesla's battery management system failed to prevent thermal runaway, and the battery enclosure lacked adequate fire suppression or containment systems.

21.     Tesla's Autopilot system is defectively designed in that it: (a) fails to adequately detect and respond to stationary objects; (b) fails to maintain lane position on curves; (c) allows

3

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

operation on roads for which it is not designed; and (d) creates dangerous driver complacency through its marketing and operational design.

22. Tesla has consistently and knowingly overstated the capabilities of its Autopilot system through public statements by CEO Elon Musk and through its marketing materials, creating a false sense of security that leads to dangerous over-reliance by drivers and passengers.

23. Despite numerous fatal crashes involving Autopilot, Tesla continues to market its systems as safer than human drivers while blaming "driver error" for predictable system failures.

24. Tesla was aware of the limitations of its Autopilot system through internal testing, customer complaints, regulatory investigations, and prior accidents, yet continued to market the system as safe and reliable.

25. Tesla has recalled more than 370,000 vehicles due to steering system issues, a known defect that may have directly contributed to this fatal incident.

26. As a direct result of Tesla's actions and omissions, Rasheed Bledsoe suffered an agonizing death, and Plaintiffs have suffered immense emotional distress and financial damages.

## IV. FIRST CAUSE OF ACTION

### Strict Products Liability – Design Defect

(Against All Defendants)

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

28. Tesla is strictly liable for injuries caused by its defective product placed into the stream of commerce.

29. The 2023 Tesla Model Y contained both design and manufacturing defects including volatile battery construction, insufficient battery shielding, inadequate thermal management systems, defective Autopilot software, and door designs that inhibit emergency exit during power failure. Each of these defects represents an independent sufficient cause of the injuries complained of herein, and, if corrected, would have prevented the tragedy that befell Plaintiff.

4

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

30.    The vehicle did not perform safely as an ordinary consumer would expect when used in a reasonably foreseeable manner.

31.    These defects directly and independently caused Mr. Bledsoe's fatal injuries and Plaintiffs' damages.

## V.    SECOND CAUSE OF ACTION

### Strict Products Liability - Failure to Warn

(Against All Defendants)

32.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

33.    Tesla knew or should have known of the extreme dangers associated with its Autopilot system, battery systems, steering mechanisms, and locking systems based on internal testing, consumer complaints, regulatory investigations, and prior incidents.

34.    Tesla failed to provide adequate warnings or instructions to consumers about the risks of Autopilot failures, battery fires, entrapment, and the difficulties in extinguishing lithium-ion battery fires.

35.    This failure to warn as to each of these defects was a substantial factor in causing Mr. Bledsoe's death and Plaintiffs' damages.

## VI.    THIRD CAUSE OF ACTION

### Negligent Products Liability

(Against All Defendants)

36.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

37.    Tesla negligently designed, manufactured, and sold a vehicle that posed foreseeable risks to users, including Autopilot system failures, battery fire hazards, loss of steering control, and door entrapment during emergencies. Each of these defects represents an independent sufficient cause of the injuries complained of herein, and, if corrected, would have prevented the tragedy that befell Plaintiff.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

38.    Tesla failed to exercise ordinary care in the design, testing, manufacturing, and marketing of its vehicles, including the 2023 Tesla Model Y involved in this fatal crash.

39.    These negligent acts and omissions were a proximate cause of Mr. Bledsoe's death and Plaintiffs' damages.

## VII.    FOURTH CAUSE OF ACTION

### Breach of Express Warranty

(Against All Defendants)

40.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

41.    Defendant TESLA, through its advertising, owner's manuals, and marketing materials, made express warranties that the vehicle was safe, reliable, and that its "Autopilot" system possessed advanced capabilities.

42.    The Subject Vehicle failed to conform to these express warranties when its systems caused the collision and trapped Mr. Bledsoe.

43.    The breach of these express warranties was a substantial factor in causing Mr. Bledsoe's death.

## VIII.    FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

(Against All Defendants)

44.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

45.    Defendant TESLA is a merchant engaged in the business of selling automobiles, and the sale of the Subject Vehicle carried with it an implied warranty of merchantability.

46.    The Subject Vehicle breached this implied warranty because it was not fit for its ordinary purpose. A vehicle that causes a collision due to system failure and then traps its occupant inside a resulting fire is fundamentally unmerchantable.

47.    The breach of the implied warranty was a substantial factor in causing Mr. Bledsoe's death.

6

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

## IX.    SIXTH CAUSE OF ACTION

### Wrongful Death – Cal. Code Civ. Proc. § 377.60

#### (Brought by Plaintiffs as Heirs)

48.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

49.    The above-described wrongful acts and omissions of Defendants were a direct and proximate cause of the death of RASHEED BLEDSOE.

50.    Plaintiffs are the decedent's surviving children and lawful heirs as defined in California Code of Civil Procedure § 377.60.

51.    As a direct and proximate result of the wrongful death of Mr. Bledsoe, Plaintiffs have been and will continue to be deprived of his love, companionship, comfort, care, assistance, protection, affection, society, moral support, and financial support, and have incurred funeral and burial expenses.

## X.    SEVENTH CAUSE OF ACTION

### Survival Action – Cal. Code Civ. Proc. § 377.30

#### (Brought by Plaintiffs as Successors in Interest)

52.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53.    Plaintiffs bring this survival action on behalf of the Estate of RASHEED BLEDSOE to recover for the damages the decedent sustained before his death.

54.    As a direct and proximate result of Defendants' wrongful acts, Mr. Bledsoe suffered horrific physical and mental pain, suffering, and disfigurement between the time of the collision and his death.

55.    The Estate is entitled to recover damages for the decedent's pre-death pain and suffering, as well as economic damages sustained before his death.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant Tesla Inc. as follows:

1.  For general and special damages according to proof;

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

2. For survival and wrongful death damages;

3. For funeral and burial expenses;

4. For pre-judgment interest as allowed by law;

5. For punitive damages in an amount sufficient to punish Defendant and deter future misconduct;

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem just and proper.

DATED: December 2, 2025                Respectfully submitted,

*Mansfield Collins*

_____

**Mansfield Collins** (State Bar No. 104049)
Jonathan Haderlein (State Bar No. 336644)
Krikor Kouyoumdjian (State Bar No. 336148)
Attorneys for Plaintiffs

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: _____

Respectfully submitted,

                                    _____

**HADERLEIN AND KOUYOUMDJIAN LLP**
Jonathan Haderlein (State Bar No. 336644)
jhaderlein@handklaw.com
Krikor Kouyoumdjian (State Bar No. 336148)
kkouyoumdjian@handklaw.com
700 Flower St., Suite 000
Los Angeles, California 90017
Telephone:    (818) 304-3435

*Attorneys for Plaintiff*

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience  requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF  can  assist  with  mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco  Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional  malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.   There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION
An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION
When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION
Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
adrcoordinator@sftc.org
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.   THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)<br><br><br>TELEPHONE NO.:<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐30-90 days ☐   90-120 days ☐   Other (please specify)
_____

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____
**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____


| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  04/24          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**