**MORGAN, LEWIS & BOCKIUS LLP**
Jeremy B. Esterkin, Bar No. 268530
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
jeremy.esterkin@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Collie F. James, IV, Bar No. 192318
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700
collie.james@morganlewis.com

Attorney for Defendant TESLA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| CHAVIANTE BLEDSOE, RAINEY BLEDSOE, RAVEN BLEDSOE, and REJA BLEDSOE, individually and as heirs of RASHEED BLEDSOE, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC. a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00241-SVW<br><br>[Originally Filed in Los Angeles County Superior CourtCase No. 25PSCV04131]<br><br>**REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:  February 23, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>Judge: The Hon. Stephen V. Wilson |

## REPLY IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

Tesla showed in its Motion to Dismiss that Plaintiffs fail to state a claim for punitive damages against Tesla for two main reasons:

(1) Plaintiffs fail to allege facts plausibly showing that Tesla engaged in "oppression, fraud, or malice," because their design defect and negligent design allegations fail to show "despicable" conduct or "conscious disregard" for the safety of others, *see* Cal. Civ. Code § 3294(a); and, (2) Plaintiffs fail to allege ratification by a corporate officer or director ratifying, approving, or participating in any oppressive or malicious conduct, Cal. Civ. Code. § 3294(b).

Plaintiffs' Opposition ("Opp.") fails to undermine Tesla's showing.  *First,* Plaintiffs argue they adequately allege Tesla was aware of purported problems with the design of its vehicles' Autopilot driver-assistance feature, battery design, and door handles on account of customer complaints, prior incidents, and government investigations.  But Plaintiffs must allege facts plausibly showing that Tesla "was aware of the probable dangerous consequences" of its alleged conduct and that it "willfully and deliberately failed to avoid those consequences." *Taylor v. Superior Court*, 24 Cal.3d 890, 895 (1979).  Even accepting as true Plaintiffs' inaccurate allegations, they allege nothing to satisfy the latter requirement.

*Second*, Plaintiffs argue (based on citations to authorities that we are unable to locate or verify) that they adequately allege corporate officer ratification because the Court may infer the existence of a corporate policy or practice based on their allegation that Tesla CEO Elon Musk has publicly stated that Tesla vehicles are safe products.  But Plaintiffs allege no facts showing the existence of any relevant corporate policy or practice, that Mr. Musk ratified any "oppressive" or "malicious" conduct, that any of his statements were false or misleading, or that his statements have any connection with the facts of this case.

For these and the reasons set out in Tesla's Motion to Dismiss, the Motion should be granted and Plaintiffs' claim for punitive damages dismissed.

## II.    ARGUMENT

### A.    Plaintiffs' Allegation That Tesla Was Aware Of Purported Design Flaws Fails to Allege Oppression, Fraud, or Malice.

Under California law, to adequately allege a claim for punitive damages based on alleged "conscious disregard" for the safety of others, Plaintiffs must allege facts plausibly showing that Tesla had "actual knowledge of the risk of harm it is creating and, in the face of that knowledge, fail[ed] to take steps it knows will reduce or eliminate the risk of harm." *Butte Fire Cases*, 24 Cal. App. 5th 1150, 1159 (July 2, 2018).  Plaintiffs' allegations are insufficient to meet that standard.

*First,* Plaintiffs argue that they adequately allege "conscious disregard" by alleging that "Tesla was aware of the limitations of its Autopilot system through internal testing, customer complaints, regulatory investigations, and prior accidents, yet continued to market the system as safe and reliable." Opp. at 11.  In particular, Plaintiffs contend that First Amended Complaint ("FAC") alleges Tesla was aware of concerns about its Autopilot driver assistance feature because Tesla "received numerous prior complaints" about issues such as Autopilot's failure to "adequately detect and respond to stationary objects, failing to maintain lane position on curves, and creating dangerous driver complacency."  Opp. at 5-6.  Plaintiffs further argue these allegations show "conscious disregard" because "Tesla continue[d] marketing Autopilot without meaningful design corrections or adequate warnings." *Id.*

These allegations fail to plausibly allege "conscious disregard" for safety.  As an initial matter, it is unclear how Autopilot's purported failure to "adequately detect and respond to stationary objects, failing to maintain lane position on curves, and creating dangerous driver complacency" relate to the facts of the case.  Opp. at 5. While the facts alleged in the FAC's 26-paragraph fact section are sparse, Plaintiff at least alleges that the crash occurred while Mr. Bledsoe was riding as a passenger in

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS CASE NO. 2:26-cv-00241-SVW

MORGAN, LEWIS & BOCKIUS LLP ATTORNEYS AT LAW LOS ANGELES

a Tesla Model Y "traveling eastbound on East Sixth Street in Claremont, California" at 2:10 a.m., when the Tesla Model Y "suddenly left the roadway and collided with a tree." FAC ¶¶ 12-13.

While the evidence collected to date shows that the vehicle's Autopilot system was *not activated* when the crash occurred, and that the driver of the vehicle accelerated to over 100 mph before colliding with a tree, even taking Plaintiffs' inaccurate allegations as true, the vehicle "suddenly [leaving] the roadway" is not a purported failure to "detect stationary objects" or among the list of concerns about Autopilot of which Tesla allegedly was aware.  FAC ¶ 12.

Nor is Autopilot's purported inability to "maintain lane positions on curves" potentially relevant to the crash here, because East Sixth Street in Claremont is four-block stretch of perfectly straight, flat roadway:[1]



---

[1] A court may take judicial notice of a fact "that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has taken judicial notice of Google's maps and satellite images as a source whose accuracy cannot be reasonably be questioned. *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); *see also Lammey v. Queenbee LLC*, 2019 WL 7050221, at *1 n.2 (C.D. Cal. Dec. 20, 2019), appeal dismissed, 2020 WL 1488769 (9th Cir. Feb. 28, 2020) (granting request for judicial notice of Google Maps images of real property).

And Plaintiff alleges no facts that might make a purported risk of "dangerous driver complacency" relevant here, as Plaintiff alleges nothing whatsoever about the driver of the Model Y.  Plaintiff does not allege: the identity of the driver; what happened to the driver before, during, or after the accident; why the driver and Mr. Bledsoe were traveling together at 2 a.m.; that the driver was "dangerously complacent" or had been misled by any Tesla marketing statements; or any other facts that might connect Plaintiffs' arguments in their Opposition to the Motion to Dismiss about Tesla's Autopilot feature to the factual allegations of the FAC.

Also unavailing is Plaintiffs' reliance on NHTSA's August 2021 investigation into Autopilot—a fact not alleged in the FAC—which does nothing to strengthen Plaintiffs' punitive damages claim.  Opp. at 6.  To the contrary, it weakens it, because Plaintiffs do not allege that NHTSA found Autopilot defective in any way relevant to the facts alleged in the FAC.  To the extent the Court considers Plaintiffs' reliance on NHTSA Investigation PE21-020 even though it is extrinsic to the FAC, the Court may take judicial notice under FRE 201(c)(1) that NHTSA closed investigation PE21-020 "[g]iven Tesla's recall" of the Autopilot software "for insufficient controls to prevent misuse" by drivers.[2]  Tesla's recall of the Autopilot software and roll out of a software update refutes Plaintiffs' unsupported assertion that "Tesla continued marketing Autopilot without meaningful design corrections," Opp. at 6, and undermines any plausible inference that Tesla "willfully and deliberately failed" to take steps to address safety concerns.  *Taylor*, 24 Cal.3d at 895.

---

[2] *See* NHTSA Action Number: EA22002, Autopilot System Driver Controls, *available at* https://www.nhtsa.gov/?nhtsaId=EA22002 (noting that the investigation was closed given Tesla's recall of Autopilot software).  "Generally, public records maintained on government websites are proper subjects of judicial notice." *Johnson v. Alhambra & O Associates*, 2019 WL 2577306, at *1 (E.D. Cal. 2019).  If the Court exercises its discretion to consider NHTSA Investigation PE21-020, on request of the Court, Tesla will submit a supplemental application for judicial notice under FRE 201(c)(2).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW

*Second,* Plaintiffs' allegations about purported defects in the Tesla Model Y's door locking mechanism fail for similar reasons. Opp. at 7. In the FAC, Plaintiffs allege that NHTSA opened an investigation on September 15, 2025, "as to whether the Model Y's 'Electronic door handles become inoperative due to low battery voltage in the vehicle (12VDC low voltage battery).'" FAC ¶ 19. As above, the Court may judicially notice that, according to NHTSA, its preliminary investigation is ongoing and is for the purpose of assessing the "the scope and severity" of the potential problem.[3] An ongoing investigation, opened five months *after* the April 28, 2025 crash at issue here, underscores Plaintiffs' failure to allege facts plausibly showing that Tesla had "*actual knowledge* of the risk of harm" and deliberately "fail[ed] to take steps it knows will reduce or eliminate the risk of harm." *Butte Fire Cases*, 24 Cal. App. 5th at 1159 (emphasis added).

*Finally,* Plaintiffs' scant allegations regarding an alleged battery defect, Opp. at 6-7, are likewise insufficient to allege that Tesla had "actual knowledge" of any particular safety risk and deliberately "failed to take steps" to reduce the risk of harm. *Butte Fire Cases*, 24 Cal. App. 5th at 1159. According to the FAC, "[u]pon impact" with the tree, the Model Y's "lithium-ion battery pack ignited" and the vehicle caught fire. FAC ¶ 13. Plaintiffs do not allege that Tesla has "actual knowledge" of an alternative design for a lithium-ion battery that it knows would reduce the risk of ignition upon impact with a tree at high speed and deliberately chose not to implement that alternative design. Plaintiffs further acknowledge that the "existence of a fire risk" is "inherent in any vehicle" and—notwithstanding their rhetoric—Plaintiffs do not allege that this "inherent risk" is any greater for the Tesla Model Y than for other comparable cars. Plaintiffs thus fail to allege any reason why it would be "despicable" for Tesla to market its vehicles as "exceptionally safe" despite its knowledge of the "fire risk inherent in any vehicle." Opp. at 7.

---

[3] NHTSA Action Number: PE25010, Electric door handles become inoperative, *available at* https://www.nhtsa.gov/?nhtsaId=EA22002.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW

Plaintiffs accordingly fail to allege facts from which Tesla plausibly could be found liable for punitive damages and Plaintiff's claim for punitive damages should accordingly be dismissed.

### B. Allegations About Mr. Musk's Statements About Vehicle Safety Do Not Allege Ratification By A Managing Agent of Tesla

Plaintiffs fail to allege that any managing agent ignored, authorized, or ratified any of the conduct alleged in the FAC. Nor do Plaintiffs allege any details around when, where, or how a person with requisite authority consciously disregarded, authorized or ratified the alleged conduct. Cal. Civ. Code § 3294(b). Plaintiffs accordingly fail to state a claim for punitive damages against a corporate entity as required by California law.

Plaintiffs argue in response that, at the pleading stage, they need not allege any particular conduct of any particular officer or director to sufficiently allege corporate ratification, but that is not the law and the "authorities" Plaintiffs cite do not support their argument. Indeed, it is unclear whether they are genuine "authorities" at all. For instance, Plaintiffs rely heavily on a case they cite as "*Gibson v. Credit Suisse*, No. C 10-01880 WHA, 2010 WL 4352713, at *4 (N.D. Cal. Oct. 27, 2010)," which they quote as stating that "allegations of corporate practice or policy ... are sufficient to support the inference of managing agent ratification." Opp. at 9-10; *see also* Opp. at 13, 14, 15. We have been unable to locate any case captioned "*Gibson v. Credit Suisse*" with that case number under the referenced Westlaw citation.[4] And the quote Plaintiffs attribute to the *Gibson* case does not appear to come from any case we could locate in Westlaw's database.

Plaintiffs similarly rely heavily on a case they cite as "*Shin v. Kong*, No. CV 19-3028, 2019 WL 6879764 (C.D. Cal. July 30, 2019)," which they quote for the proposition that "allegations that high-level management ignored serious risk and

---

[4] The case that appears under the Westlaw citation "2010 WL 4352713" is *Sidney v. Commonwealth*, 702 S.E.2d 124, 126, 280 Va. 517, 520, 2010 WL 4352713, at *1 (Va., 2010).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

repeated misconduct [are] sufficient to infer ratification." Opp. at 11, 14, 16. Like the *Gibson* case, however, we have been unable to locate any case in Westlaw's database captioned "*Shin v. Kong*" appearing with the same case number and Westlaw electronic citation.[5] The quote Plaintiffs attribute to the *Shin* case also does not appear to come from any case we could locate on Westlaw's database.

Finally, while *In re First Alliance Mortgage Co.*, 471 F.3d 977, 998 (9th Cir. 2006) is a real case, Plaintiffs' reliance on it is misplaced. Opp. at 10, 14, 15. Plaintiffs assert that in *First Alliance* the Ninth Circuit held that "a plaintiff is not required to name names to survive a motion to dismiss. The conduct alleged speaks to the involvement of high-level policy-making personnel." Opp. at 10. But the quoted text appears nowhere in *First Alliance*, and the case is not about pleading standards for punitive damages under California law. Rather, there, the Ninth Circuit affirmed the trial court's order dismissing a claim for punitive damages on summary judgment. *In re First Alliance Mortgage Co.*, 471 F.3d at 998 ("We affirm summary judgment in favor of Lehman against the Borrowers' claim for punitive damages.").

We do not know whether Plaintiffs' puzzling citations to the *Gibson* and *Shin* cases and invented quotation from *First Alliance* are the product of misuse of AI research tools or are merely mistaken citations. Either way, we are unable to respond substantively to Plaintiffs' arguments founded on authorities we are unable to verify.

In all events, Plaintiffs' argument misstates the law and fail to show that their allegations satisfy the required pleading standard for punitive damages. Federal courts routinely strike or dismiss claims for punitive damages where the plaintiff has failed to expressly allege conduct by a managing agent in a claim for punitive damages against a corporate defendant. *See, e.g., Xerox Corp. v. Far Western Graphics, Inc.*, No. C-03-4059-JFPVT, 2004 WL 2271587, *2 (N.D. Cal. Oct. 6, 2004) (striking request for punitive damages based on plaintiff's failure to allege any

---

[5] Inputting "2019 WL 6879764" into Westlaw's search function produces no hits.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

conduct by defendant corporation's officer, director or managing agent); *McMurray v. Merck & Co., Inc.*, No. C 07-1007 MMC, 2007 WL 1456042, *2 (N.D. Cal. May 17, 2007) (striking request for punitive damages where "[p]laintiff has failed to plead the allegedly wrongful conduct was authorized or ratified by an officer, director or managing agent of defendant"). But even if it were the law that "allegations of corporate practice or policy ... are sufficient to support the inference of managing agent ratification," as Plaintiffs contend—and it is not—Plaintiffs do not allege the existence of any such "corporate practice or policy" in the FAC. Opp. at 9-10,

Plaintiffs' only potentially relevant allegation in the FAC asserts that "Tesla has consistently and knowingly overstated the capabilities of its Autopilot system through public statements by CEO Elon Musk." FAC ¶ 22. Plaintiffs do not allege that Mr. Musk has enacted a "corporate practice or policy" to ratify any alleged malicious or despicable conduct. Nor do they allege that Mr. Musk's alleged statements about the safety of Tesla's Autopilot feature are false, much less knowingly false. Plaintiffs' allegations in the FAC are accordingly insufficient to allege corporate ratification, and Plaintiffs' punitive damages claim should be dismissed or this reason as well.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' claim for punitive damages should be dismissed.

Dated: February 9, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Collie F. James, IV*
Collie F. James, IV
Jeremy B. Esterkin
Attorneys for Defendant
Tesla, Inc.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendant Tesla, Inc. certifies that this brief contains 2248 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Collie F. James, IV*
Collie F. James, IV

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 2:26-cv-00241-SVW